Good morning. Case 319-0711. In re Marriage of Michelle Rietz, FLE, and Robert Rietz Appellant. Mr. Simarco. Anthony Simarco of the Stocksville Law Firm on behalf of the FLE and Respondent Robert Rietz. Please begin. Pardon me, Judge? I was just telling Mr. Simarco we can begin whenever he likes. My voice is not good. Can you hear me? Seems like we're getting some feedback from your honor. It's the railroad. Can you hear me now? I can hear you. Yeah, Mr. Simarco, why don't you begin your argument. Thank you. To please the court. So your honor, important to keep in mind some certain fundamental highlighted facts of the situation that brought us to the appellate court. The judgment for dissolution of marriage entered on October 3, 2011, which prescribes that Robert would be paying Michelle 36 months of reviewable maintenance at the rate of $1,500. The judgment required Michelle to file a petition to review support if she wanted to receive support beyond the initial 36 months prescribed. Michelle did that on July 31, 2014, which I would like to refer to as the first petition for review. That first petition for review filed July 31, 2014, was adjudicated by the court below on December 5, 2014. And I have included the December 5, 2014 order in the appendix to the appellee's brief, excuse me, to the appellant's brief. And if I may just recite what it says, it is hereby ordered that Robert Reitz shall continue to pay Michelle Reitz maintenance at the rate of $1,500 per month period. Maintenance shall be subject to review on or before September 28, 2015 period. Hearing date on issue of further extension to be set for September 18, 2015 at 9 30 a.m. without further notice. The second extension of Michelle's maintenance came by way of order on June 24, 2016. The focus of our first issue on the subject matter jurisdiction issue is that the June 24, 2016 order was entered absent there being filed a petition or motion by Michelle asking for that second extension of maintenance. So the golden rule is that the circuit courts acquire jurisdiction by virtue of the Illinois Constitution of 1970. And the only consideration is whether the alleged claim falls within the general class of cases that the court has inherent power to hear and to determine. So we do not dispute that the circuit court retained jurisdiction to conduct a hearing and to award Michelle that second extension which was awarded to her on June 24, 2016. What we contest is that that order was entered absent any petition or motion which was necessary in order to invoke the subject matter jurisdiction of the court. And that order because of that is and non-enforceable. In support, the first district case of Ligon v. Williams. In Ligon there was a parentage case and the biological father argued in the circuit court that he should have custody. And he did not have a petition on file requesting custody or requesting appellate court reversed stating that because the father had not filed a claim or petition to invoke the subject matter jurisdiction of the court that the circuit court was without the power to award him custody. Similarly judge a third district case Rogers v. Rogers which is a child support case. The facts of that case are very important to the understanding that I'm trying to convey. In Rogers the husband was paying child support and lost his job. He came to court and the court suspended his obligation to pay child support pending further employment. And the order read that the husband was the former husband was required to notify the wife and her attorney of when he returned back to work so that the wife then would be able to go back to the circuit court file a received maintenance. The husband notified the wife that he had gone back to work. Still no petition filed by the mother to reinstate the child support. What the mother filed was a petition for enforcement of the previous child support order. And the circuit court found the father to be in contempt. The appellate court reversed stating because the mother did not file another petition asking that the child support be reinstated that the circuit court was without subject matter jurisdiction to order the father to pay child support regardless of the fact that he went back to work months before the wife ever got back to court to file her petition for enforcement. Um the December 5th 2014 order doesn't read there are no provisions in the order which required Michelle to file another petition nor are there any provisions in the order which would lend one to believe that the parties agreed to rely on the initial petition for review filed back in July of 2014 as the operative pleading. In re the marriage of cult which I've cited in the brief is a little bit different facts. In cult the parties both agreed that the initial petition for review of maintenance would serve as the petition for the second review of maintenance. In that situation the appellate court said that the parties were free to agree that the petition although adjudicated once would serve as the petition for the second review. So it's I'm trying to be careful and say the appropriate things to support my argument and the argument isn't that in cult the parties agreed to revest the court or vest the court with jurisdiction to hear the second review of maintenance absent the petition because we all that the parties can't agree to the circuit court exercising or invoking its subject matter jurisdiction. What they agreed to in cult was that the first petition although adjudicated would serve as the second petition for the second review proceeding a little bit different than in our case. I've also relied on in re the marriage of Cantrell for the proposition that a pleading is required in order to invoke the subject matter jurisdiction of the court. In Cantrell the matter came up for review of the wife's maintenance post decree. Husband filed a petition for termination of maintenance. There were no pleadings filed by the maintenance recipient. Mrs. Cantrell filed no petition for extension. Mrs. Cantrell filed no petition for additional review. And the result in the trial court was that the court awarded Mrs. Cantrell permanent maintenance absent there being any petition on file or before the court requesting permanent maintenance. Came to the appellate court and the appellate court reversed that order on the basis that when Mr. Cantrell filed the petition for termination of maintenance that invoked the trial court's subject matter jurisdiction to do just that. There was no pleading on file capable of invoking the subject matter jurisdiction of the court to review maintenance or to extend it. The necessity to ask for maintenance is not always necessary. According to in re the marriage of Hock Luebner which I've relied on in the brief the appellate court has indicated that in pre-decree situations although one's petition for dissolution of marriage does not ask for maintenance or as a respondent you do not file a counter petition nor a response to a petition the court still has subject matter jurisdiction to address the issue of initial maintenance. And that is because section 503 dealing with property is so intricately involved with section 504 dealing with maintenance that the circuit court could not really decide one without deciding the other. But it's different in post-decree proceedings because in post-decree proceedings obviously we're not revisiting the rights. In anticipation that there may be an argument posed by my colleague that Robert should have addressed the trial court much much sooner. Robert participated in the hearing on that second review of maintenance which resulted in the 2016 order. He had an opportunity to raise the subject matter jurisdiction issue as an affirmative defense or a motion for dismissal in the court below but he didn't. And it's much too late now to raise it for the first time on appeal. We have relied upon the case of KT Winneburg versus Calhoun County on page 26 of the appellant's brief which stands for the proposition that you cannot waive subject matter jurisdiction. It can't be stipulated to nor can it be conferred by estoppel. And it also can be raised for the first time on appeal. We've also cited Beal Bank for that all the arguments I have in support of issue number one relative to the lack of subject matter jurisdiction. I guess what we would I would be remiss if I didn't ask if I didn't tell the court what I believe the appropriate disposition would be under those circumstances. And the appropriate disposition would be to void that order entered on in 2016 in July and refer the parties back to the circuit court for appropriate proceedings when as and if Mrs. or Mr. files the appropriate petition for review. Until then I guess the original maintenance provisions of the original judgment or the alternatively the December um 2014 order would remain in full force and effect. The other part of my argument is I don't think that what Michelle's actions in the circuit court I don't think that those actions were the result of any um oversight in filing a petition for review of maintenance. I think that Michelle relied upon the fact that the court granted maintenance in the first extension December 5 2014. So why not have a redo? Why not ensure the possibilities that I would be successful on the same petition? It worked once it's probably going to work again. And I don't think that Michelle should be rewarded for that strategy. That's a strategy that Michelle that has proven to be successful for Michelle and it is not without risk but nevertheless I don't think that the uh appellee should benefit from the strategy that resulted in the order entered on 6-24-2016 absent subject matter jurisdiction. In reference to the second argument your honor uh Mr. DeMarco could I could I interrupt you for a second and just ask you since you've been talking about jurisdiction uh where do we find our jurisdiction to hear this appeal? Where does the appellate court find it your honor? Yes sir. Judge I think the appellate court finds its jurisdiction by virtue of the Illinois state constitution vesting the Illinois Supreme Court with power to make rules. So the rules 301, 303, 304, 306, 307 under all of those circumstances are followed in order to vest to trigger excuse me to invoke the Illinois appellate court subject matter jurisdiction. Well which which rules specifically I mean you're not suggesting that anybody can appeal anything out of out of an ongoing case in a circuit court are you? No I'm not suggesting that your honor. I'm suggesting that the rules for appeals and how the appellate court the appellate court's jurisdiction is invoked are clear in the I'm sorry? Give us the rule what invoked jurisdiction in this case? I can't hear you Justice Williams I'm sorry. What invoked jurisdiction in this case? So I have relied on rule 303 to uh to invoke the jurisdiction of the appellate court once the petitions for contribution to attorney's fees had been adjudicated in 2019. So when the second extension order of June 24, 2016 was concluded there were requests for contribution to attorney's fees on that petition. If we look to the original petition the only the uh review for maintenance petition lodged July 31st, 2014 in the wherefore clause of that petition it is stated I also want an extension of maintenance but I also want my attorney's fees paid for. The attorney's fees issue did not get resolved until 2019. Did that keep the June 24, 2016. Well your time's up so we'd like to go longer so. Thank you. Thank you Mr. Zamarco. And uh Ms. Wimmer. Thank you your honor. My name is Joni Rae Wimmer. I represent the Illinois Appellate Court. I'd first like to talk a little bit about the appellate jurisdictional issue. As the court is aware there's a split in authority in the Illinois Appellate Court as to whether post-decree petitions are regarded as separate actions or separate claims within the same action. The third district in Ahearn followed the rule that post-decree petitions are separate actions so that you can file a notice of appeal when a post when there's a final order entered on a post-decree petition without a rule 3048 finding when the remaining post-decree petitions are unrelated. And what happened in this case my client filed a petition to extend maintenance for reasonable attorney's fees and other relief on July 31st, 2014 as Mr. Zamarco said on December 5th, 2014 there was an order entered extending maintenance. That order was silent as to attorney's fees and the only thing that was reserved the court said quote hearing date on issue of further extension to be set for 9 18 15 at 9 30 a.m quote without further notice. So then that September 18th it got continued because the court had other matters it had to decide but in the meantime on December 7th my client filed a separate petition relating seeking contribution for post-decree attorney's fees. It was called plaintiff's petition for contribution towards attorney's fees from the defendant and that was filed December 7th 2015. The hearing on the issue of further extension of maintenance was held intermittently from January through February of 2016 and on June 24th there were two orders entered. One was on the petition for extension of maintenance and that extended Robert's maintenance obligation until further order of the court and provided that it may be subject to review after Robert had made 96 monthly payments upon Robert's filing of a petition. Also on June 24th there was a separate order entered but that was not the other order entered on June 24th was not entered on the petition for extension of maintenance but on the separate petition Michelle had filed for contribution on December 7th 2015. So we've got a final order on the question of the extension of maintenance and pending proceedings on a separate petition for contribution to attorney's fees and it was exactly the situation they had in the cases I cited marriage of demerit or demaret and marriage of car. In demaret there was a petition to remove the child to New Jersey. On the first day of the hearing on that petition the other spouse filed a petition for contribution to attorney's fees. The matter proceeded the court denied the wife's petition to remove the child to New Jersey. She filed a notice of appeal immediately even though there was still a contribution relating to for attorney's fees relating to the removal petition. The appellate court said we have jurisdiction because that remaining post decree petition for contribution to attorney's fees is unrelated to the removal issue. So she didn't have to wait until the attorney's fees issue was resolved. She filed her notice of appeal I think like a day after the order was entered. In car he had a similar situation. There was a petition to modify child support only in car and there was a another petition for contribution. In car the petition to modify child support was ruled on and the spouse who wanted to appeal that waited until the separate petition for contribution to attorney's fees was resolved. She filed a notice of appeal 30 days after that which is what Robert did here and the appellate court in car held there was no appellate jurisdiction because there was no reason I mean if Robert wanted to appeal this June 24th 2016 order extending maintenance he had to file his notice of appeal under rule 303 within 30 days of June 24th 2016. He didn't file his notice of appeal until three years later. So I think that's a pretty good example of what we're talking about here. Even if this court followed the rule that post decree petitions are new claims in the same action like the first district the notice of appeal filed November of 2019 would still be insufficient because at the time that notice was filed there were lots of other unresolved post decree petitions and there was never a finding under supreme court rule 304a that there was no just reason to delay enforcement or appeal of the June 24th 2016 order extending maintenance. In his reply brief Robert argues that there was language in the October 25th 2019 attorney fee that said this order is final and appealable. Robert claims that's sufficient for a rule 304a finding. Robert made that argument in his reply brief so I never had a chance to resolve it or to respond to it but when I was preparing for oral argument I found a case which if I have to I'll be pleased to file a motion to decide additional authority but the case indicates that just saying this order is final and appealable is not sufficient for a rule 304a finding. There has to be language there's no just reason to delay appeal or this order is subject to immediate appeal something like that. The case is Palmolive Tower condominiums LLC versus Simon 409 Illinois appellate third 539. So there was no 304a finding so whether you follow the rule that post decree petitions are separate actions or whether you follow the rule that they're separate claims there's no appellate jurisdiction here. Finally there's a third reason why there's no appellate jurisdiction the notice of appeal itself did not reference the June 24th 2016 order extending maintenance. The notice of appeal just said we're appealing all the orders entered on October 25th and any procedures which were any orders which were steps in the procedural progression leading to those orders. The problem is and I cited Clark versus Gannett in my brief and that said quote a notice of appeal will be deemed to include an unspecified interlocutory order when the interlocutory order was a step in the procedural progression leading to the order specified in the notice of appeal. But the June 24th 2016 order extending maintenance there was not a step in the procedural progression leading to the order on whether Robert had to pay my client I had to contribute towards my client's attorney's fees. So they didn't specify the June 24th 2016 order extending maintenance in the notice of appeal and for that reason also there's no appellate jurisdiction. On the matter of subject matter jurisdiction of the trial court I think that's a pretty simple issue. The court acquired subject matter jurisdiction pursuant to my client's petition filed July 13 2014. The order entered on that petition on December 5th granted an extension but it also said there's going to be a hearing on an issue of further extension on September 18 2015 quote without further notice which indicates to me that nobody has to give notice or file any additional petitions the court was going to hear the question of further extension pursuant to the original petition that was filed and that's basically what happened in Culp where the trial court had jurisdiction to decide the question of maintenance and the court set a future date for hearing on the extension of maintenance. Nobody filed another petition yet the court went ahead and adjudicated the issue of review of maintenance and it went up on appeal and the issue of subject matter jurisdiction of the trial court never came up notwithstanding that Illinois courts have a duty to address the issue of jurisdiction. So the court acquired jurisdiction pursuant to the petition and it said I'm going to have a further hearing later on on the same petition. It doesn't lose subject matter jurisdiction just because it grants part of the relief requested and sets a further hearing. I want to briefly address the issue about the guidelines so I think there's a an important point to make on that. Under the law prior to the guidelines the court considered all of the whether the amount of maintenance and the duration of maintenance. Under the guidelines the court considers the factors to determine whether there should be maintenance but it follows the guidelines on amount and duration unless it seeks to deviate from them. Here also here the judge deviated she did err in determining that she that the and the the statute says any non-guidelines award of maintenance shall be made after the court's consideration of all relevant factors set forth in the statute. So she did what was required what would have been required for her to do prior to the enactment of the guidelines law. So there any error in her determination of the guidelines statute applied was harmless. If you send it back she she's already done she's already considered the issues of duration amount pursuant to the factors because she entered a non-guideline award. So her determination that the guideline factors were applicable is harmless. And finally Robert argued Robert points the language that the trial court stated that maintenance could not she couldn't terminate maintenance in her review order because of the length of the marriage. And he says that proves that she believed she had to follow the guidelines as to duration. That's not correct. She actually did follow she didn't follow the guidelines as to duration. What she said was after considering the 504 and 510 factors the court finds maintenance should be extended for a period of time equal to that consistent with the new statutory guidelines. So she she ended up applying a duration which was the same as the guideline amount after consideration of all the statutory factors. When she said I can't I can't terminate maintenance after that guideline duration is over she wasn't referring to the Marriage and Dissolution of Marriage Act subsection A6 which said that when the court's reviewing maintenance the court can enter a fixed term maintenance award that bars future maintenance only if at the time of the entry of the award the marriage had lasted 10 years or less at the time the original action was commenced. And that's a statute that Robert never challenged the application of that statute 510 parentheses A-6 in his brief. So the judge did say on page R3 of the record per section 510 she said C5 it's A5 the court must make specific findings regarding the basis for modification as well as the amount nature and duration of the award but the court can't I guess I have a couple more minutes I'll just briefly address the abuse of discretion issue. The judge made a finding that my client was short $1,001.84 per month even after she received maintenance and her salary she was still short a thousand a month. It was a 13-year marriage she was a homemaker up until several months before the divorce when she became employed as a medical assistant. Her salary at the time the hearing was $35,962.47. Robert's was $135,750 a year and according to Robert's own financial affidavit he had a surplus every month which would have been $1,370 if he stopped spending $560 a month on sporting activities for his teenage sons. So I think that it can't be said that no reasonable court would determine that maintenance should continue as set by the trial judge. So unless the court has any further questions I think I've covered most of my points. All right thank you. Mr. Rinder are there any other questions? Justice Schmidt, Justice Eldridge? No. No. Thank you Mr. Rinder. Thank you Judge. And Mr. Simarco and your fellow. Thank you your honor. So Judge I think that when we explore and we focus in on the concept of appellate jurisdiction in rule 304a or rule 303 there first has to be an order entered which is the result of a petition having been filed because the measuring point begins with the relief requested in the particular petition. If we look back and assume for the sake of argument that the adjudicated first petition for review of maintenance December 5 excuse me July 31st 2014 is good and serves as the pleading for the second review the wherefore clause of that petition asked for a contribution of attorney's fees. So attorney's fees were an inextricable part of the motion for review of maintenance. Those attorney's fees did not get addressed until October of 2019 after the court directed each of the parties to update their financial affidavits and to exchange information on income through 2016 for purposes of the determination of contribution of attorney's fees. Robert filed a motion to reconsider an amended motion to reconsider the award once the trial court granted Michelle $6,000 in attorney's fees to be paid by Robert. That order didn't get resolved until October 25. The notice of appeal came within 30 days of the attorney's fees part of that first petition. So I just it's difficult for me to get my head around the jurisdiction of the appellate court when there is no petition for the second review of maintenance from which we begin to determine whether there are other claims pending at the time the first petition gets resolved. Well let me ask you this at the time the the order resolving attorney's fees was entered and after the motions were there any other matters pending in the circuit court? That's an affirmative your honor. There were other petitions pending but none of them had any relevance to the issue of maintenance. I've recited what those petitions were in the brief. Isn't that what 304a is all about? That 304a is about multiple claims or parties having an option of appealing once they ask the court for the 304a language while other claims are pending but 304a is not compulsory. It's not a requirement that a party appeal under rule 304a. That's true that that's absolutely true but it's also you can't appeal without it. You don't have to use it but if you want to appeal you have in that case you do have to use it don't you? That's correct your honor. I don't dispute that. And do you have a 304a finding here? We do not have a 304a finding on the June 24 2016 order. Didn't you have a 304a finding on any order? No your honor. Okay. We've listed in the brief the various petitions and according to Ahern if the remaining petitions are not related I guess the same subject matter as the order on the petition which you want to appeal it's okay to go ahead and appeal that under 303 even though there are other petitions pending. Because the philosophy in Ahern was why would we let a litigant be put in a situation where additional petitions could be filed after the ruling that the other party wants to take an appeal from? And again it's putting the cart before the horse when Ms. Wimmer says there is no jurisdiction and I keep saying well there is no petition filed from which we can measure what were the issues adjudicated. Thank you your honor. Are there any other questions? Justice Smith? Justice Aldridge? No. Thank you both for your arguments today. Thank you your honors. We'll take this matter under advisement back to you with a written order in a short time. We'll now take a short recess until 10 30.